UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER SPERONI,

                        Plaintiff,

                v.

NOVA HEALTHCARE ADMINISTRATORS,
  a corporation,
INDEPENDENT HEALTH CORPORATION,
  a corporation, and
THE INSTITUTE FOR CORPORATE
  PRODUCTIVITY (i4CP), a corporation,

                        Defendants.
_____

|  |  |
|---|---|
| | REPORT |
| | and |
| | RECOMMENDATION |
| | |
| | 21-CV-1260JLS(F) |

APPEARANCES:            PETER SPERONI, *Pro se*
                            68 Prospect Avenue
                            Buffalo, New York  14201

                            LIPPES MATHIAS LLP
                            Attorneys for Defendants Nova Healthcare and
                              Independent Health
                            AMY HABIB RITTLING, and
                            CAITLIN ELIZABETH O'NEILL, of Counsel
                            50 Fountain Plaza
                            Suite 1700
                            Buffalo, New York  14202

                            COOLEY LLP (SEATTLE)
                            Attorneys for Defendant i4CP
                            CHRISOPHER B. DURBIN, of Counsel
                            1700 Seventh Avenue
                            Suite 1900
                            Seattle, Washington  98101

                            COOLEY LLP (PALO ALTO)
                            Attorneys for Defendant i4CP
                            ELLIS E. HERRINGTON, of Counsel
                            3175 Hanover Street
                            Palo Alto, California,  94304

COOLEY LLP
Attorneys for Defendant i4CP
JOSEPH MICHAEL DRAYTON, of Counsel
55 Hudson Yards
New York, New York  10001

### JURISDICTION

This case was referred to the undersigned by Hon. John L. Sinatra, Jr., on March 1, 2022, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on motions to dismiss filed on February 19, 2022 by Defendants Nova Healthcare Administrators and Independent Health Corporation (Dkt. 13), and on February 28, 2022 by Defendant The Institute for Corporate Productivity (Dkt. 17).

### BACKGROUND

Plaintiff Peter Speroni, an attorney who is proceeding *pro se*, commenced this employment discrimination action on December 3, 2021, against Defendants including his former employer Nova Healthcare Administrators ("Nova"), a subsidiary of Independent Health Corporation ("IHC") (together, "Nova Defendants"), and The Institute for Corporate Productivity ("i4CP"), an unaffiliated company that markets and sells diversity training programs and workshops to companies.  The Complaint asserts ten causes of action including that Plaintiff, as an homosexual, Caucasian, male, was subjected to employment discrimination, Complaint, First Claim, and retaliation, *id*., Second Claim, in violation of New York State Human Rights Law, N.Y. Exec. Law § 290 ("NYSHRL"), against Nova Defendants ("NYSHRL Claims"), employment discrimination, *id*., Third Claim, and retaliation, *id*., Fourth Claim, in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e(2) ("Title VII"), against Nova Defendants ("Title VII Claims"), as well as New York common law claims including for wrongful discharge, *id*., Fifth Claim, negligence, *id*., Sixth Claim, and negligent supervision and training, *id*., Seventh Claim, against Nova Defendants, tortious interference, *id*., Eighth Claim, against Defendant i4CP, and *prima facie* tort, *id*., Ninth Claim, and intentional infliction of emotional distress, *id*., Tenth Claim, against all Defendants.

On February 19, 2022, Nova Defendants moved to dismiss the Complaint (Dkt. 13) ("Nova Defendants' Motion"), attaching in support the Declaration of Amy Habib Rittling, Esq. ("Dkt. 13-1) ("Rittling Declaration"), with exhibits A through D (Dkts. 13-2 through 13-5) ("Rittling Declaration Exh(s). __"), and Defendants' Nova Healthcare Administrators, Inc. and Independent Health Corporation's Memorandum of Law in Support of Their Motion to Dismiss (Dkt. 13-6) ("Nova Defendants' Memorandum").  On February 28, 2022, Defendant i4CP filed a motion to dismiss the Complaint (Dkt. 17) ("Defendant i4CP's Motion"), supported by the attached Defendant Institute for Corporate Productivity's Memorandum of Law in Support of Its Motion to Dismiss (Dkt. 17-1) ("Defendant i4CP's Memorandum").

On March 21, 2022, Plaintiff filed the Memorandum of Law in Opposition to Defendants' Nova Healthcare Administrators, Inc., and Independent Health Corporation Motion to Dismiss (Dkt. 23) ("Plaintiff's Response – Nova Defendants"), and the Affirmation in Support of Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss (Dkt. 24) ("Speroni Affidavit – Nova Defendants").  On April 4, 2022, Plaintiff filed the Memorandum of Law in Opposition to Defendant's The Institute for Corporate Productivity, Motion to Dismiss (Dkt. 25) ("Plaintiff's Response – Defendant i4CP"), and

the Affirmation in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (Dkt. 26) ("Speroni Affidavit – Defendant i4CP").  On April 14, 2022, Nova Defendants filed the Reply Memorandum of Law in Further Support of Motion to Dismiss by Nova Healthcare Administrators, Inc. and Independent Health Corporation (Dkt. 28) ("Nova Defendants' Reply"), and Defendant i4CP filed Defendant Institute for Corporate Productivity's Reply in Further Support of Its Motion to Dismiss (Dkt. 29) ("Defendant i4CP's Reply").  Oral argument was deemed unnecessary.

Based on the following, Nova Defendants' Motion should be GRANTED; Defendant i4CP's Motion should be GRANTED in part and DISMISSED as moot in part.

## FACTS[1]

In September 2018, Plaintiff Peter Speroni, a homosexual Caucasian male who is an attorney but appears here *pro se*,[2] commenced temporary and part-time employment with Defendant Nova Healthcare Administrators, Inc. ("Nova"), a subsidiary of Independent Health Corporation ("IHC") (together, "Nova Defendants").  Plaintiff was promoted to full-time compliance, regulatory, and contracting specialist with a salary and full benefits including health insurance.  Although Plaintiff did not hold a position as legal counsel to Nova, Plaintiff's job duties included legal tasks in compliance departments, reviewing various internal policies and vendor policies for violations of federal and state laws.  Plaintiff also researched Title VII and Title IX respecting such policies, and provided his findings to those occupying upper management positions with

---

[1] Taken from the pleadings and motion papers filed in this action.
[2] Although when he commenced employment with Nova, Plaintiff was not yet an attorney, he was admitted to the New York State bar while employed with Nova, yet never held a position as legal counsel with Nova.  *See* Complaint ¶¶ 12-14, 20.

Nova including its president, vice presidents, directors, and managers, as well as IHC's legal team and executives and members of IHC's Board of Directors.

Plaintiff maintains that throughout his tenure at Nova, he was subjected to multiple incidents of discrimination and harassment which created an increasingly hostile work environment.  As an example, in February 2019, Plaintiff reported that inappropriate homophobic content was included in a workplace PowerPoint slide presentation shown to Nova's upper management.  Although Nova apologized for the incident and promised to better monitor the content of its presentations, Nova continued to expose its employees, including Plaintiff, to various discriminatory, harassing, and hostile content.

In particular, in July 2020, Plaintiff again reported inappropriate content in workplace presentations to Nova's upper management, advising the content likely violated federal law, and was increasingly creating a hostile work environment for members of protected classes intentionally targeted by the alleged derogatory content. Such program content included Nova's admission that it engaged in the discriminatory practices of providing professional opportunities and more pay to members of certain protected classes as compared to members of other protected classes.  The programs also encouraged members of one protected class to confront members of other protected classes about their pay and professional opportunities within Nova.  Nova also announced the formation of a new department to facilitate promotions and pay raises, but the program was offered only to selected protected classes while excluding others.  During the summer of 2020, Nova sent content[3] to its employees that included

---

[3] Plaintiff does not specify how the "content" was sent, but the context of the allegations suggests it was sent by e-mails to employees.

videos containing such statements as, "white people are a problem," and "whiteness can be weaponized." Complaint ¶ 35.

Also during the summer of 2020, Nova and IHC retained Defendant The Institute for Corporate Productivity ("i4CP"), a company that markets and sells training services and programs to companies. Nova and IHC retained i4CP to present programs containing discriminatory and harassing content to Nova and IHC employees including, *e.g.*, a program advising and encouraging Nova and IHC to require their employees, including Plaintiff, to complete surveys with information concerning membership in protected classes, which information i4CP used to tailor its services and programs for Nova and IHC. While implementing i4CP's programs and services, Nova and IHC also began requiring employees participate in workshops that targeted certain protected classes and continued to issue company-wide program content encouraging members of some protected classes to act against members of other protected classes. Plaintiff, in his role as Regulatory, Contracting and Compliance Manager, reviewed the programs presented by i4CP, and discovered the programs' content violated federal law. As required by his job description, Plaintiff reported his concerns about the unlawful content in the i4CP programming at a Compliance and Regulatory meeting Plaintiff conducted on a bi-weekly basis ("the meeting"). Among those present at the meeting were the president, vice presidents, directors and upper management of both Nova and IHC. During the meeting, Nova's president claimed to have no knowledge of the offensive programming despite Plaintiff informing Nova's president of the violations several months earlier.

Although Plaintiff was promised his complaints regarding what Plaintiff perceived to be violations of federal and state laws would be subjected to an unbiased and confidential investigation with specialized outside counsel for Nova, the investigation resulted in no apology and no substantive response from Nova but, instead, served as the basis for Nova to further harass and retaliate against Plaintiff, and breach the promised confidentiality by sharing Plaintiff's complaint with various Nova and IHC personnel, subsequent to which Plaintiff was subjected to two investigations into his conduct, aggressive and hostile emails from IHC's legal team, and other disciplinary action. A few days after the meeting, Plaintiff's direct supervisor, a Nova vice president and Nova's president verbally warned Plaintiff that reporting on violations of state and federal law was not one of Plaintiff's job responsibilities, although Plaintiff's job specifically required him to make such reports. Rather than respond to Plaintiff's complaints, IHC's legal team demanded a deadline for Plaintiff's resignation. Plaintiff claims the discrimination and harassment by Defendants became so pervasive that he suffered mental anguish and became ill. In October 2020, Plaintiff was constructively discharged from his employment with Nova.

On January 6, 2021, Plaintiff cross-filed a charge of employment discrimination with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC") ("EEOC Charge").[4] On September 3, 2021, EEOC, upon Plaintiff's request, issued Plaintiff a Notice of Right to Sue ("Right to Sue letter"),[5] advising Plaintiff that, *inter alia*, any legal action pursuant to Title VII must

---

[4] Rittling Declaration Exh. B (Dkt. 13-3).
[5] Rittling Declaration Exh. C (Dkt. 13-4).

be filed within 90 days of receipt of the Right to Sue letter.  Plaintiff commenced the

instant action on December 3, 2021.

## DISCUSSION

1.    **Motions to Dismiss**

Nova Defendants move to dismiss Plaintiff's Title VII claims as time-barred

because they were not filed within 90 days of receipt of the Right to Sue letter as

required, but were filed one day late.  Nova Defendants' Memorandum at 3-8.  Nova

Defendants further argue that upon the dismissal of Plaintiff's Title VII claims, there

remain no claims over which this court has original jurisdiction, but only the First,

Second, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Claims alleging violations of

state law ("state claims"), supporting the court, in its discretion, in refraining from

exercising supplemental jurisdiction over the pendent state claims which should thus be

dismissed.  *Id*. at 8-9.  Defendant i4CP separately moves to dismiss the state claims for

failure to state a claim, Defendant i4CP's Memorandum at 3-12, and, alternatively, joins

in Nova Defendants' Motion insofar as Nova Defendants argue that should the court find

Plaintiff's Title VII claims are time-barred, and the court should refrain from exercising

supplemental jurisdiction over the pendent state claims.  *Id*. at 12-13.

2.    **Title VII Claims**

As a prerequisite to filing an employment discrimination lawsuit, a plaintiff must

exhaust administrative remedies by presenting the claims forming the basis of the suit

to the EEOC or the equivalent state agency, here, the NYSDHR, and obtaining from the

EEOC a Notice of Right to Sue.  42 U.S.C. §§ 2000e-5(e) and (f); *Williams v. New York*

*City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003).  To be timely filed, the employment discrimination claims must be filed in federal court within ninety days of receipt of the EEOC's right to sue letter.  42 U.S.C. § 2000e–5(f)(1); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir. 1996)). The Second Circuit considers the 90-day statutory filing requirement "analogous to a statute of limitations."  *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996). Accordingly, "[s]uch a suit must be commenced not more than 90 days after receipt of the right-to-sue letter." *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) (citing 42 U.S.C. § 2000e–5(f)(1)).  Furthermore, the failure to commence legal action within Title VII's statutory filing period is a ground for dismissing a complaint and, "in the absence of a recognized equitable exception, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984).

In the instant case, Plaintiff does not deny the Right to Sue letter was delivered to him on September 3, 2021, via the EEOC Electronic Portal, and that on that same date, the parties were notified via e-mail that a decision on Plaintiff's EEOC charge had been made and the Right to Sue letter posted on the EEOC Electronic Portal.  Plaintiff's Response – Nova Defendants at 4.  Counting 90-days from September 3, 2021 establishes Plaintiff was required to file the instant action by December 2, 2021, *i.e.*, one day before Plaintiff commenced the action on December 3, 2021.  As such, Plaintiff's Title VII claims are untimely unless he can establish some exceptional circumstances prevented him from timely filing the Complaint.

"[T]he Supreme Court has recognized only four situations justifying equitable tolling of Title VII's time limits: (1) where a claimant receives inadequate notice of the right to sue; (2) where circumstances justify tolling while a claimant's motion for appointment of counsel is pending; (3) where the court has led a plaintiff to believe she has done everything required of her; or (4) where affirmative conduct by the defendant has lulled the plaintiff into inaction." *Foster v. Walgreen Co.*, 12 F. Supp. 3d 615, 618 (W.D.N.Y. 2014) (quoting *Coffey v. Donahoe,* 2013 WL 3244788, at * 5 (W.D.N.Y. Feb. 22, 2013) (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984)), *report and recommendation adopted* 2013 WL 3244788, at ** 1-2 (W.D.N.Y. June 26, 2013)).  Even if one of the four situations supporting equitable tolling is present, "[t]he district court should also consider whether the plaintiff '(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id*. (quoting *Zerilli– Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir. 2003), *as amended* (July 29, 2003) (additional quotation omitted)).  Further, "equitable tolling is only appropriate 'in [ ] rare and exceptional circumstance[s],'" *Zerilli-Edelglass*, 333 F.3d at 80 (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks omitted)), "in which a party is 'prevented in some extraordinary way from exercising his rights.'" *Id*. (quoting *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996) (internal quotation marks and alteration omitted)).

In the instant case Plaintiff does not dispute that none of the four situations justifying equitable tolling of Title VII's time limits exists; yet Plaintiff nevertheless argues courts within the Second Circuit have applied equitable tolling where extraordinary

circumstances in cases other than employment discrimination matters prevented a plaintiff from timely performing a required act despite acting with reasonable diligence throughout the relevant period sought to be tolled.  Plaintiff's Response – Nova Defendants at 5-8 (citing, *e.g.*, *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (concerning a convicted criminal defendant's untimely motion to vacate his sentence)).  Plaintiff argues his personal circumstances justify equitable tolling, including that Plaintiff initially retained legal counsel for this action, but the law firm assigned the case to "an unknowledgeable Associate" who was not properly supervised and Plaintiff did not realize until shortly before the filing deadline that it was up to him to properly prepare and file the Complaint.  *Id*. at 6-7.  Although Plaintiff is an attorney, he was not, until commencing this action, familiar with employment law.  *Id*.  Further, Plaintiff had recently become the sole provider for his household after his partner was terminated from his employment.  *Id*.  Plaintiff maintains these circumstances support a one-day equitable tolling period.  *Id*.  Plaintiff, however, is incorrect.

In particular, even if Plaintiff's personal circumstances could establish the "rare and exceptional circumstance[s]" necessary for equitable tolling, *Zerilli-Edelglass,* 333 F.3d at 80–81, Plaintiff still has not argued any of the four exceptions recognized by the Supreme Court applies.  As Nova Defendants argue, Nova Defendants' Reply at 5, Plaintiff does not dispute timely receiving the Right to Sue letter through e-mail notification and posting on the EEOC's Electronic Portal, has not moved for appointment of counsel, does not claim the court led him to believe Plaintiff had met all prerequisites to suit, nor that any Defendant's conduct lulled Plaintiff into inaction.  Moreover, failure to monitor the progress of one's case for statute of limitations

compliance is not an extraordinary circumstance. *See*, *e.g.*, *Government Employees Ins. Co. v. United States*, 2014 WL 582164, at * 4 (E.D.N.Y. Feb. 14, 2014) (quoting *Okoampa–Ahoofe v. Johnson & Higgins*, 2000 WL 1471552, at *3 (S.D.N.Y. Sept. 29, 2000) (finding in employment discrimination action that "[d]espite the potentially dispositive consequences of a late filing, neither plaintiff nor [its] counsel allege that they attempted to monitor the filing to ensure that it was timely.  Such errors or omissions are not sufficient to justify equitable tolling of the limitations period.")).  In the absence of any of the four factors for exceptions as recognized by the Supreme Court, as well as rare and exceptional circumstances supporting equitable tolling, Nova Defendants' Motion should be GRANTED insofar as Nova Defendants seek dismissal of the Title VII claims.

### 3.    Pendent State Claims

With the dismissal of the Title VII claims, only claims pursuant to New York law are before the court on supplemental jurisdiction.  Both Nova Defendants and Defendant i4CP argue the court should refrain from exercising supplemental jurisdiction over the state claims and dismiss them as well.  Nova Defendants' Memorandum at 8-9; Defendant i4CP's Memorandum at 12-13.  In opposition, Plaintiff argues considerations of judicial economy and efficiency weigh in favor of the court retaining supplemental jurisdiction over the state claims which do not involve any issues of novel or unsettled state law.  Plaintiff's Response – Nova Defendants at 8-14; Plaintiff's Response – Defendant i4CP at 12.  In further support of dismissal, Nova Defendants maintain Plaintiff's state law claims present novel issues of state law based on recent amendments to NYSHRL requiring courts interpretating NYSHRL to construe the facts

differently, specifically, more broadly, than how facts are construed pursuant to Title VII, thereby rendering NYSHRL unsettled law in many cases, Nova Defendants' Reply at 8-11, and Defendant 14CP joins in that argument.  Defendant i4CP's Reply at 9-10.

A "district court[ ] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity[ ]' in deciding whether to exercise jurisdiction."  *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 450 (1988)).  And "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* (alterations omitted) (quoting *Cohill*, 484 U.S. at 350 n.7).  But this principle "does not mean that the balance of the factors always points that way," *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018), and declining supplemental jurisdiction is not mandatory simply because § 1367(c)(3) applies.  *Id.* at 85.  Rather, "[w]hen § 1367(c)(3) applies, the district court must still meaningfully balance the supplemental jurisdiction factors," *id.* at 86, and "[t]he declining of supplemental jurisdiction must actually promote those values" of judicial economy, convenience, fairness, and comity.  *Id.* at 85.  Here, assuming the District Judge agrees with the recommendation that the Title VII claims conferring jurisdiction on this court should be dismissed, the balance of those factors weighs in favor of declining to exercise supplemental jurisdiction over the state claims.

First, this case was commenced less than one year ago and is still in its earliest stages with a scheduling conference yet to be held and anything other than mandatory disclosures yet to commence.[6]  In fact, other than the briefing of the instant motions to dismiss, little of substance has occurred.  Nor does anything suggest that the other "values" that this Court should consider – fairness and convenience, *see Catzin*, 899 F.3d at 85-86 – would be compromised by declining to exercise supplemental jurisdiction.  Furthermore, as Nova Defendants argue, recent changes to NYSHRL could require construing the facts of Plaintiff's employment discrimination claims differently than they would have been construed prior to such amendments.  *See Fitzgerald v. We Company*, 2022 WL 952963, at *10 & n. 10 (S.D.N.Y. Mar. 30, 2022) (noting, *inter alia*, NYSHRL employs "a different, more liberal substantive standard in resolving both gender- and disability-based discrimination, retaliation, and hostile work environment claims").

In short, this appears to be the "usual case in which all federal-law claims [were] eliminated before trial" and "the balance of factors [ ] point[s] toward declining to exercise jurisdiction over the remaining state-law claims."  *See Kolari*, 455 F.3d at 119. The court should therefore decline to retain supplemental jurisdiction over Plaintiff's state law claims, and both Nova Defendants' Motion and Defendant i4CP's Motion should be GRANTED as to the request the court refrain from exercising supplemental jurisdiction over the state law claims.

---

[6] The court notes that insofar as any of Plaintiff's state law claims might otherwise be time-barred, New York, as a matter of state law, allows six months to reinstitute a terminated action.  N.Y. Civ.Prac. L. & R. § 205(a).

14

**4.      Merits of Defendant i4CP's Motion**

With the court's recommended dismissal of the Title VII claims as time-barred, and the further recommendation that the court refrain from exercising supplemental jurisdiction over the state law claims, Defendant i4CP's Motion is rendered moot insofar as i4CP argues the state claims asserted against it should be dismissed for failure to state a claim.  Accordingly, Defendant i4CP's Motion should be DISMISSED as moot with regard to i4CP's arguments that such claims fail to state a claim for which relief can be granted.

## <u>CONCLUSION</u>

Based on the following, Nova Defendants' Motion (Dkt. 13) should be GRANTED; Defendant i4cp's Motion (Dkt. 17) should be GRANTED in part and DISMISSED as moot in part.  The Clerk of Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 27th, 2022
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u> *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and the attorneys for the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 27th, 2022
           Buffalo, New York