UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PETER SPERONI,

         Plaintiff,
v.                                                                                  21-CV-1260 (JLS)

NOVA HEALTHCARE
ADMINISTRATORS, a corporation,
INDEPENDENT HEALTH
CORPORATION,
a corporation, and
THE INSTITUTE FOR CORPORATE
PRODUCTIVITY (i4CP), a corporation,

         Defendants.

---

## DECISION AND ORDER

Plaintiff Peter Speroni commenced this action on December 3, 2021, against Nova Healthcare Administrators, Inc., Independent Health Corporation (collectively, the "Nova Defendants"), and the Institute for Corporate Productivity ("i4CP"). Dkt. 1. The Complaint asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* ("NYHRL"). *Id.* at 7-10. The Complaint also sets forth claims of wrongful discharge, negligence, negligent supervision and training, tortious interference, *prima facie* tort, and intentional infliction of emotional distress. *Id.* at 10-15.

On February 19, 2022, the Nova Defendants moved to dismiss the Complaint. Dkt. 13. On February 28, 2022, i4CP moved to dismiss the Complaint. Dkt. 17.

On March 1, 2022, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 20. Plaintiff opposed Defendants' motions, Dkt. 23, 25, and Defendants replied. Dkt. 28, 29.

On September 27, 2022, Judge Foschio issued a Report and Recommendation ("R&R") recommending that this Court grant the motion to dismiss (Dkt. 13) filed by the Nova Defendants. Dkt. 30. Specifically, he recommended that this Court dismiss Plaintiff's Title VII claims as time-barred, and refrain from exercising supplemental jurisdiction over Plaintiff's state law claims. *Id.* Judge Foschio further recommended that this Court grant the motion filed by i4CP (Dkt. 17) in part, and dismiss the motion as moot to the extent i4CP argues that the state claims asserted against it should be dismissed for failure to state a claim. *Id.*

On October 11, 2022, Plaintiff objected to the R&R. Dkt. 31. On October 25, 2022, the Nova Defendants responded to Plaintiff's objections. Dkt. 33. Defendant i4CP joined in that response. Dkt. 34. Plaintiff replied on October 31, 2022. Dkt. 35.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objection, response, reply, and the materials submitted by the parties. Based on its *de novo review*, the Court accepts and adopts Judge Foschio's recommendation.

For the reasons stated above and in the R&R, the Nova Defendants' motion to dismiss (Dkt. 13) is granted. Defendant i4CP's motion to dismiss (Dkt. 17) is granted in part and denied in part as moot. As such, Plaintiff's Title VII claims are dismissed with prejudice, and his state law claims are dismissed without prejudice.

SO ORDERED.

Dated:   November 22, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE